UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dangyang Zhicheng Network Co., Ltd ., and Zhongshan Dongfeng Town Xiaoyouyou Paper Trading Company,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>Zixian Guo,<br><br>    *Defendant*. | **CASE NO.** 24-cv-8114<br><br>**Judge:** Sunil R. Harjani<br><br>**Magistrate Judge:** Jeannice W. Appenteng. |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' ENTRY OF A TEMPORARY RESTRAINING ORDER**

Plaintiffs Dangyang Zhicheng Network Co., Ltd., and Zhongshan Dongfeng Town Xiaoyouyou Paper Trading Company ("Plaintiffs") by and through their undersigned counsel, states as follows:

**INTRODUCTION**

The parties have made several submissions discussing the facts of the case. In both of Defendant's oppositions, Defendant has failed to provide any response regarding the facts alleged by Plaintiff. As such, Plaintiffs see no need to repeat these facts and waste the Court's time.

However, Plaintiffs would like to emphasize that, despite being given multiple opportunities, Defendant has not responded to the merits of the case, nor has Defendant rebutted the allegations in Plaintiffs' complaint and motion. It is clear that this particular Defendant knew the patent he used to file the Amazon complaint—which resulted in the takedown of 8 ASINs belonging to Plaintiffs—was problematic. The U.S. Design Patent D891,534 (" '534 Patent") is invalid.Now, because Defendant's opposition primarily focuses on jurisdictional issues,

1

Plaintiffs will focus their response in jurisdiction issues.

## ARGUMENT

**1. SPECIFIC PERSONAL JURISDICTION**

    **A. Whether Defendant purposefully directed its activities at Illinois**

There is no doubt that Defendant's actions constitute extra-judicial enforcement activities. *Snaprays v. Lighting Defense Group*, 100 F.4th 1371, 1375 (Fed. Cir. 2024). The key issue remaining for this Court to determine is whether, as raised in Defendant's opposition, the fact that Plaintiffs are Chinese companies rather than Illinois-based affects whether Defendant's actions still constitute enforcement activities in Illinois. Plaintiffs' answer is yes.

In *Snaprays*, as well as *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008), and *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1084-85 (9th Cir. 2000), the parties asserting jurisdiction were all US companies based in the state where the cases were filed. Defendant thus argues that since Plaintiffs in this case are not Illinois companies but Chinese companies, "Defendant simply directed its enforcement actions through the intermediary Amazon in Washington at Plaintiffs, which ... is insufficient to give rise to personal jurisdiction in Illinois." Dkt. No. 30, at 7-8.

Plaintiffs contend, however, that the Federal Circuit's ruling in *Snaprays* places greater emphasis on whether "the effects would foreseeably be felt in the forum state." *Snaprays*, 100 F.4th at 1375. It is clear that Defendant was fully aware that its actions would affect Plaintiffs' sales in Illinois. Defendant's fraudulent patent practices negatively impact Plaintiffs' market share, sales, and goodwill in Illinois. Moreover, Illinois residents are deprived of the opportunity to choose products in an open and fair market due to Defendant's actions. Not only Illinois, but every state where Plaintiffs conduct sales has been affected by Defendant's conduct. Therefore,

Plaintiffs insist that Illinois has jurisdiction over this case, and so do other states where Plaintiffs have sales records.

Looking at the issue from another perspective, in *NBA Props. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022), the Seventh Circuit held that for online sellers, even one transaction can establish a basis for personal jurisdiction. Similarly, in *Am. Girl, LLC v. Zembrka*, the Second Circuit recently went further and ruled that dollmaker American Girl could proceed with a lawsuit in New York federal court against Zembrka, a China-based company, which allegedly sold counterfeit American Girl dolls through its international website. The court found jurisdiction appropriate even though American Girl offered no evidence that Zembrka delivered a counterfeit doll in New York. *No. 21-1381, 2024 WL 4206197, at 4 (2d Cir. Sept. 17, 2024). Basically, if Plaintiffs, as Amazon online sellers, were now being sued, then under the precedents set by the Second and Seventh Circuits, jurisdiction would exist in any state where they had made a sale, even if no product had been shipped.

Now, as the victims in this case, the Plaintiffs, who have sales records in Illinois, are negatively impacted, and their presence in Illinois should be recognized for jurisdictional purposes. By filing a patent infringement complaint with Amazon, which caused the Plaintiffs' presence(sale, market share, goodwill) in Illinois being affected, the Defendant can be seen as purposefully directing its activities at Illinois.

## 2. FRCP 4(K)(2)

In *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001), the Seventh Circuit established that "a defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." This approach was later affirmed by the Federal Circuit in *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir.

2009), where it noted that the "Seventh Circuit is more in tune with the purposes behind the enactment of Rule 4(k)(2)."

However, following *Touchcom*, district courts have been deeply divided on whether a defendant can defeat personal jurisdiction under Rule 4(k)(2) by unilaterally consenting to suit in a different state. Some courts have concluded that personal jurisdiction cannot be established under Rule 4(k)(2) if defendants represent that they are amenable to suit in another state (*see Lambeth Magnetic Structures, LLC v. Toshiba Corp.*, No. 14-1526, 2017 WL 782892, at *6 (W.D. Pa. Mar. 1, 2017)). Other courts, however, have found that a defendant must do more than simply designate an alternative forum in order to avoid the application of Rule 4(k)(2).

The correct interpretation was confirmed by the Federal Circuit in *In re Stingray IP Sols.*, LLC, 56 F.4th 1379, 1384 (Fed. Cir. 2023). The court stated that "**nothing in Rule 4(k)(2) or its history permits a defendant to transfer a case to a preferred district simply by unilateral, post-suit consent**." The Federal Circuit clarified that "a defendant **cannot defeat Rule 4(k)(2) by simply naming another state**; the defendant's burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." (*See Merial Ltd. v. Cipla Ltd., 681 F.3d 1283* (Fed. Cir. 2012)).

In this case, in two oppositions (Dkt. Nos. 14, 30 ), Defendant fails to provide an analysis of personal jurisdiction principles under Washington law and does not demonstrate that Plaintiffs could have properly brought suit against him there. It's possible that if Plaintiffs were to file this case in the Federal District Court in Washington state, Defendant could argue that the court lacks jurisdiction, citing the fact that the patent was filed with and granted by the USPTO, located elsewhere, or that the Amazon complaint was initiated by an attorney in Texas, thereby

suggesting that Texas has jurisdiction. *Glacio Inc. v. Dongguan Sutuo Indus. Co.*, No. 2:22-CV-00029-MKD, 2023 WL 6326587, at *4 (E.D. Wash. Sept. 28, 2023) (Glacio is directed to address whether DSI's sending of a single communication to Amazon, a Delaware corporation with a principal place of business in Washington, is sufficient to establish minimum contacts with Washington under this standard.). The Court will not do the work for him. *Weinstock v. Abu Marzook*, 2019 WL 1470245, at *2 (S.D. Fla. Apr. 3, 2019) ("[T]o defeat the assertion of jurisdiction under Rule 4(k)(2), the defendant bears [the] burden to show that [it] is subject to jurisdiction in another state's court of general jurisdiction.") Defendant failed to meet the Federal Circuit's standard. Thus, Defendant's attempt to evade jurisdiction under Rule 4(k)(2) should be denied.

## CONCLUSION

Defendant is subject to this Court's personal jurisdiction and Plaintiffs' request for the entry of temporary restraining order[1] should be granted.

| | |
|---|---|
| Date: September 24, 2024 | /s/ Ruoting Men |
| | Ruoting Men, Esq.<br>GLACIER LAW LLP<br>41 Madison Ave, Suite 2529<br>New York, NY 10010<br>Ruoting.men@glacier.law<br>332-261-8227<br>***Attorney for Plaintiffs*** |

---

[1] The Plaintiffs request that the Court enter an order directing the Defendant to refrain from filing complaints using the '534 Patent. This request pertains not only to the Defendant's future actions but also to the ongoing action. Plaintiffs' ASINs were taken down due to the current complaint before Amazon. Plaintiffs do not use the phrase "future complaints" in their memo, which can be interpreted as a request for the Defendant to retract the existing complaint. This implies that the Plaintiffs' request encompasses both the current complaint and any potential future filings by the Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, I electronically filed the above document with the United States District Court of the Northern District of Illinois, via its ECF e-filing System, which will serve a true and correct copy on all counsel of record.

/s/ Ruoting Men
Ruoting Men
